## HANNAH M. DANNER

### v.

## FREDERICK DANNER.

A testator gave to his wife $5,000, to his son $1,000, and to A. and B. other legacies, and the income, use and profits of all the residue to his wife for life, with remainder to his son, subject to the payment of a legacy of. $1,000 to his daughter. He appointed his wife and M. executors. They proved the will, settled the estate, and had their final account passed. There remained about $13,000 of personalty, subject to $1,000 advanced by the widow to pay the debts of the estate, and real estate worth $13,000. The complainant (the widow) files her bill to set aside a conveyance of her life interest in the real estate, made to her son by means of his importunity, deceit and duress, and also to have returned to her custody and accounted for, the personalty of which he has also taken possession.—*Held*, on demurrer to the bill—

(1) That the bill is not multifarious.

(2) That M. (the co-executor) is not a necessary party, the estate being settled and the executors' final account passed.

(3) That A. and B. and the daughter are not necessary parties, the remedy of the former, if their legacies are unpaid, being against the executors, and that of the daughter being against the son, whose estate in remainder is charged therewith.

Bill for relief. On general demurrer.

*Mr. S. H. Pennington,* for the demurrer.

*Mr. John Whitehead, contra.*

THE CHANCELLOR.

According to the bill, Frederick Danner, late of Newark, husband of the complainant and father of the defendant, died on or about the 7th of September, 1874. By his will he gave to the complainant $5,000, and to the defendant $1,000, and to other persons two other legacies amounting together to $225, and gave the income, use and profits of all the residue of his estate to the complainant for life, with remainder to the defendant, subject to the payment of a legacy of $1,000 to the testator's daughter. He appointed the complainant and Peter M. Melick executors of his will. It was duly proved by them in September, 1875; and the estate was afterwards duly settled, and their accounts passed by the orphans court of the county of Essex. After the settlement there remained a surplus of the personal estate of about $13,000.

The bill further states, that the complainant advanced to her co-executor, of her own money, about $1,000, which was used in the settlement of the estate in paying the demands which were against it; that the testator left productive real estate in Newark of the value of at least $12,000; that after the estate had been settled, the defendant, who is the complainant's son, took into his possession all the surplus of the personal estate, and, by his importunities (the complainant was then sixty-five years old) and his promise to provide her with food, clothing and lodging during her life-time, induced her to convey to him her life estate in the real estate of which the testator died seized, and she did so by deed dated in April, 1876; that the conveyance was without other consideration than his promise to supply her wants for life; that at the time of making that conveyance, he, in order to secure to her the legacy of $5,000 given to her by the will, and the money advanced by her for the set-

Danner *v.* Danner.

tlement of the estate, which had never been repaid to her, executed and delivered to her his bond and a mortgage of the same date with the deed, and upon the real estate before mentioned, for the sum of $6,000, payable in five years with interest; that she left those papers with her lawyer, in order that he might have the mortgage recorded and afterwards retain it, with the bond, in his custody, for her; that afterwards, by false and fraudulent representations, the defendant obtained possession of those papers, promising to take care of them for her, and then, fraudulently and without her knowledge or consent, and without having paid her any of the money secured thereby, caused the mortgage to be cancelled of record; that he has refused to support her and driven her out of the house in which she resided (which was one of the houses owned by her husband, the testator, at his death), so that she is dependent on charity for her support, while her son is in the enjoyment of the entire estate.

The bill prays that the deed may be set aside as having been obtained by fraud; that the defendant may be decreed to pay to the complainant the $6,000, secured by the bond and mortgage, with the interest thereon, and that in default thereof, his interest in the real estate, under the will, may be sold to raise and pay that money to her; that he may be required to account to her for the surplus of the personal estate, and the income thereof, since it has been in his hands, and the rents of the real estate since he has had possession of it, and that he may be required to pay her what shall appear to be due her on such accounting. It also prays an injunction and general relief.

The defendant demurs to the bill for multifariousness, non-joinder of the complainant's co-executor and the legatees, other than the complainant and defendant, named in in the will, and for want of certainty in important statements.

The bill alleges, substantially, that the estate of the testator was settled, and the accounts of the executors duly passed

in the orphans court of the proper county, and that there remained a surplus of about $13,000; that the complainant's legacy of $5,000 had not been paid; that the defendant took that surplus into his possession, giving to the complainant security, by bond and mortgage, for the payment of that legacy and the amount which she had advanced of her own money for the payment of the debts of the estate; that the defendant, by fraud, obtained a conveyance of the complainant's life estate in the real property; that he, subsequently, fraudulently possessed himself of the bond and mortgage, and caused the latter to be cancelled of record; and it prays relief, as between the complainant and the defendant, in the premises.

The matters in respect of which the relief is sought are all connected together. The defendant has, by fraud, obtained and withholds from the complainant all her interest in her husband's estate, and the suit is brought to obtain redress for that grievance. There is no ground for the objection that the bill is multifarious. The complainant's co-executor has no interest in the controversy. The estate has been settled and his accounts have been passed. The surplus has been ascertained. By the will, the complainant is entitled to the use of it for her life-time, and she is seeking it as against the defendant, who has obtained and is holding it without right. In regard to the rents of the real estate which have been received by him, the complainant's co-executor, of course, could have no claim to or interest in them.

Nor have the legatees, other than the parties to this suit, any interest in this controversy for the surplus of the estate. If those to whom the legacies before mentioned, amounting together to $225, were given, have not received them, they have their remedy against the executors. As to the other legatee, her legacy is charged upon the remainder in the real estate given to the defendant, and is, by the will, made payable by him. Her interest cannot be affected in or by this suit, and she has no interest in this controversy.

The material statements of the bill are made with suffi-
cient certainty of averment.

The demurrer will be overruled, with costs.